# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Jonathan Kortmansky, Esq.**
Partner
kortmansky@braunhagey.com

July 22, 2020

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *Carbon Investment Partners, LLC, et al. v. Shira Bressler*, No. 20-CV-03617

Dear Judge Ramos:

  We write on behalf of Plaintiffs Carbon Investment Partners, LLC, and Carbon Master Fund, L.P. (collectively, "Carbon" or "the Fund") in opposition to Defendant Shira Bressler's request for leave to file a motion to dismiss. As set forth below, Carbon has adequately alleged each of its claims and Ms. Bressler's proposed motion, if permitted, would fail as a matter of law.

  Ms. Bressler's protestations that Carbon's claims against her are an attempt to gain leverage over her husband (who has already been found liable by an arbitrator for defrauding Carbon) are not well grounded. As set forth in more detail below, and as pled in Carbon's complaint, Ms. Bressler knowingly forged Carbon's consent on banking documents to permit her husband to illegally transfer funds to an illegally opened brokerage account for the pecuniary benefit of the Bressler family. Ms. Bressler has admitted under oath that when she received notice that the fraud had been uncovered, she immediately transferred hundreds of thousands of dollars to trusts in an attempt to shield those assets. The letter submitted by Ms. Bressler ignores these allegations in requesting permission to file a motion.

  I. **The Complaint States a Claim for Fraud**

  "Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Abu Dhabi Comm'l Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 171 (S.D.N.Y. 2009). Ms. Bressler sole contention

**San Francisco**
351 California St., 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

is that Carbon has failed to allege a material misrepresentation sufficient to state a fraud claim. But Ms. Bressler fails to address the most significant and damning facts alleged in Carbon's complaint.

In specific, Carbon's theory of fraud is not simply that Ms. Bressler "sign[ed] her husband's name to a document." (Ltr. at 3.) Rather, Ms. Bressler forged Carbon's authorization on a document that purported to give her husband authority to transfer funds from Carbon's prime brokerage accounts without requiring a second signature. (Compl. ¶ 29.) Ms. Bressler (who is a sophisticated transactional lawyer practicing at Latham & Watkins LLP) knew that her husband was not authorized to alter his wiring authority under the Fund's operating agreement because Ms. Bressler had edited, reviewed, and signed that agreement. (*Id*. ¶ 30.) Despite that knowledge, Ms. Bressler forged Carbon's authorization to obtain a pecuniary benefit to her family—namely, so that her husband could wire money out of the Fund to pay off $1.4 million in debt. (*Id*. ¶ 33.) Then, when Ms. Bressler's husband was ordered to turn over his laptop in discovery, he forensically destroyed the device and all of its data in an attempt to cover his tracks, with Ms. Bressler's knowledge and urging. (*Id*. ¶¶ 42-43.)

These allegations identify the time, place, speaker, and the content of the misrepresentations, and thus satisfy Rule 9(b)'s requirement that fraud claims be pled with particularity. *Abu Dhabi Comm'l Bank*, 651 F. Supp. 2d at 171. Carbon has therefore alleged a material misrepresentation sufficient to state its fraud claim, and Ms. Bressler's argument to the contrary fails.

## II.     The Complaint States a Claim for Aiding and Abetting Fraud

To state a claim for aiding and abetting fraud, "a plaintiff must plead facts showing the existence of a fraud; defendant's knowledge of the fraud; that the defendant provided substantial assistance to advance the fraud's commission, and damages." *Pension Comm. of Univ. of Montreal v. Banc of Am. Secs., LLC*, 446 F. Supp. 2d 163, 201 (S.D.N.Y. 2006). Ms. Bressler contends that Carbon's aiding and abetting claim fails to allege knowledge of her husband's fraud. (Ltr. at 3.)

Contrary to Ms. Bressler's argument, the allegations set forth above amply show the requisite knowledge. In addition, Carbon's complaint specifically alleges that Ms. Bressler had "knowledge that Mr. Bressler was defrauding his partners and investors in order to steal millions of dollars for his and his family's benefit." (Compl. ¶ 47.) The complaint further alleges that Ms. Bressler

> knew that the Fund had forbidden Mr. Bressler from exercising single-signatory control over the Fund's accounts because Defendant signed the Fund's operating agreement, and reviewed and explained that agreement to her husband. [Citations.] Nevertheless, Defendant forged the document that allowed Mr. Bressler to wire assets out of the Fund without his partners' knowledge—an act that Defendant knew Mr. Bressler had no authorization to do.

(*Id*. ¶ 48.) Notably, Ms. Bressler's letter fails to address any of these allegations, which are sufficient to state a claim for aiding and abetting fraud.

### III.    The Complaint Adequately Alleges Fraudulent Conveyance

As alleged in the Complaint, Ms. Bressler is liable to Carbon for fraud and aiding and abetting fraud, and her transfer of hundreds of thousands of dollars to trusts in order to shield those assets from Carbon thus constitutes a fraudulent conveyance as to Carbon.  (Compl. ¶¶ 44-46.)  In response, Ms. Bressler argues only that Carbon does not have standing as a creditor to bring a fraudulent conveyance claim because it "failed to allege a plausible substantive cause of action for fraud against Ms. Bressler." (Ltr. at 3.)  As set forth above, whether analyzed under the rubric of fraud *simpliciter* or aiding and abetting fraud, Carbon's complaint states viable claims against Ms. Bressler. Accordingly, Ms. Bressler's contention that Carbon's fraudulent conveyance claim cannot survive is meritless.

*          *          *

In sum, Carbon's complaint easily satisfies the federal pleading standards, and Ms. Bressler's contemplated motion would serve no end other than to increase the parties' costs of litigating this dispute and waste judicial resources that are better directed elsewhere. Carbon therefore respectfully opposes Ms. Bressler's request for leave to file the motion.

Very truly yours,<br><br>Jonathan Kortmansky