# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Jonathan Kortmansky, Esq.**
Partner
kortmansky@braunhagey.com

September 9, 2020

VIA ECF

**MEMO ENDORSED**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Defendant is directed to respond by Monday, September 14, 2020 end of business.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 9/10/2020
> New York, New York

Re: Letter Motion to Seal – *Carbon Investment Partners, LLC, et al. v. Bressler*, No. 20-CV-03617 (ER)

Dear Judge Ramos:

We represent Plaintiffs Carbon Investment Partners, LLC and Carbon Master Fund, L.P. ("Carbon" or "the Fund") in the above-referenced matter. Pursuant to this Court's standing order in *In re Electronic Filing Under Seal in Civil and Miscellaneous Cases*, Case No. 19-MC-00583-CM, ECF No. 1 (Dec. 19, 2019), as well as Your Honor's Individual Practices Rule 3.ii., Carbon respectfully files this Letter Motion to Seal.

In specific, Carbon requests (1) permission to file Exhibits 4, 6, 8, 9, 10, 14, 19, and 20 to Plaintiffs' First Amended Complaint (the "Carbon FAC Exhibits") under seal; (2) an order permanently sealing Exhibit 1 to the Declaration of Seth Levine in Support of Motion to Dismiss (ECF No. 21-1); and (3) permission to file conditionally under seal Exhibit 22 to the First Amended Complaint in order to afford Defendant an opportunity to seek sealing of that document, if she desires.

### A. Carbon Seeks Sealing of Three Categories of Documents

As detailed in the accompanying Declaration of Armand Paliotta (the "Paliotta Decl."), the Carbon FAC Exhibits are Carbon's commercially sensitive documents, including the foundational agreements and documents that govern Carbon's operations and relations between its members. Many of the documents are drafts that were under negotiation when sent. The disclosure of these sensitive documents would potentially harm Carbon's commercial interests as well as the commercial interests of Carbon's principals in future negotiations. These exhibits therefore warrant sealing under Second Circuit law, as discussed in detail below.

September 9, 2020
Page 2

Similarly, Carbon respectfully seeks an order permanently sealing Exhibit 1 to the Declaration of Seth Levine in Support of Motion to Dismiss (ECF No. 21-1) (the "Motion to Dismiss Exhibit"). Defendant filed this document conditionally under seal so that Carbon could file a motion to seal it. As described in the Paliotta Decl., this document is Carbon's confidential operating agreement, which is the product of extensive negotiations among Carbon's principals. Disclosure of this document would potentially harm Carbon's commercial interests as well as the commercial interests of Carbon's principals in future negotiations. The Motion to Dismiss Exhibit therefore also warrants sealing under Second Circuit law.

Finally, Carbon also respectfully requests permission to conditionally file Exhibit 22 to the FAC under seal. Before Carbon filed its First Amended Complaint, it conferred with counsel for Defendant regarding the contents of that pleading. Counsel for Defendant asked Carbon to ensure that documents that arguably could represent confidential communications between Defendant and her spouse regarding their finances should be kept out of the public record. Carbon accordingly seeks leave to file Exhibit 22 under conditionally under seal to allow Defendant to make an application as to whether Exhibit 22 should remain sealed. Carbon respectfully reserves all rights on the issue of whether there is a basis to seal Exhibit 22.

> **B.   The Carbon FAC Exhibits and the Motion to Dismiss Exhibits Should Be Sealed**

Carbon respectfully requests that the Court grant Carbon's motion to seal the Carbon FAC Exhibits and the Motion to Dismiss Exhibit because these documents implicate "business secrecy." *See SEC* v. *Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) 1051 ("Amodeo II") ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

> **1.   Legal Standard**

There is a common-law and First Amendment right of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). As such, documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124.

Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document. *Id*. at 119–20. To be classified a judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Id*.

September 9, 2020
Page 3

Though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular judicial document. The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, at 71 F.3d at 1049. Documents submitted in connection with trial or summary judgment are entitled to the highest presumption of public access, documents filed in connection with other non-dispositive motions are subject to a "still substantial" presumption of public access, and discovery documents not filed with the court "lie entirely beyond the presumption's reach." *Brown*, 929 F.3d at 49–50, 53.

Against the applicable presumption of public access, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. Established factors and values that can outweigh the presumption of public access include business secrecy, see *Amodeo II*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"), and privacy interests, see *id*. ("The court also considers the privacy interests of those resisting disclosure.").

### 2. The Documents Qualify as Judicial Documents

In the first step of the sealing analysis, the Court must determine "whether the document subject to a sealing request qualifies as a judicial document." *Lugosch*, 435 F.3d at 119–20.

Both the Carbon FAC Exhibits and the Motion to Dismiss Exhibit easily qualify as judicial documents. They are documents appended to Defendant's motion to dismiss or the FAC filed in response to that motion. These exhibits were filed by the parties in connection with their respective filings precisely because they "reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown*, 929 F.3d at 49. The documents therefore qualify as judicial documents that may be sealed.

### 3. The Presumption of Public Access to the Documents

Next, the Court must determine the "weight of the presumption of public access attaching to" the Carbon FAC Exhibits and the Motion to Dismiss Exhibit. *Lugosch*, 435 F.3d at 119–20. The appropriate weight to give these documents is not entirely clear, but ultimately immaterial as they qualify for sealing even under the highest standard.

The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, at 71 F.3d at 1049. Documents submitted in connection with trial or summary judgment are entitled to the highest presumption of public access; documents filed in connection with other non-dispositive motions are subject to a "still substantial" presumption of public access; and discovery documents not filed with the court "lie entirely beyond the presumption's reach." *Brown*, 929 F.3d at 49–50, 53.

It is clear that the presumption of public access has some weight with respect to the Carbon FAC Exhibits and the Motion to Dismiss Exhibit, as they are not merely discovery

September 9, 2020
Page 4

documents exchanged between the parties and never filed with the Court. But beyond that, the appropriate weight is not entirely clear: they are neither documents submitted in connection with trial or a motion for summary judgment (which are entitled to the greatest weight), nor are they documents filed in connection with a non-dispositive motion (which are only entitled to intermediate weight). Rather, they are filed in connection with or in response to a non-evidentiary dispositive motion: Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The Court need not resolve the question of the precise weight to assign the Carbon FAC Documents or the Motion to Dismiss Exhibit, however, because the documents are entitled to sealing regardless of how the question of weight is resolved.

### 4. Business Secrecy and Privacy Interests Outweigh the Right of Access

In the final step of the sealing analysis, the Court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. The Second Circuit has recognized that business secrecy, see *Amodeo II*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"), and privacy interests, *see id.* ("The court also considers the privacy interests of those resisting disclosure"), all warrant sealing notwithstanding the presumption of public access.

The Carbon FAC Exhibits and the Motion to Dismiss Exhibit warrant sealing as business secrets that implicate the privacy interests of Carbon's principals. (Palotta Decl. ¶ 4.) The documents are drafts or final versions of Carbon's confidential foundational agreements and governing documents, which set forth the rules by which Carbon operates and the relationships between its members. (*Id.*) Many of the documents are drafts that were under negotiation when sent. (*Id.*) The disclosure of these sensitive documents would potentially harm Carbon's commercial interests as well as the commercial interests of Carbon's principals in future negotiations. (*Id.* ¶¶ 5-6.)  In particular, the documents include personal guarantees and/or loans running to or from Carbon principals to Carbon, or to other Carbon principals.  (*Id.* ¶ 4.)

Because these documents disclose business secrets and implicate the privacy interests of Carbon's principals, they warrant sealing.  Carbon therefore respectfully requests permission to file these documents under seal (with respect to the Carbon FAC Exhibits) and permanently sealing of the Motion to Dismiss Exhibit.

\*          \*          \*

September 9, 2020
Page 5

      For the foregoing reasons, Carbon respectfully requests (1) permission to file the Carbon FAC Exhibits under seal; (2) an order permanently sealing the Motion to Dismiss Exhibit; and (3) permission to file conditionally under seal Exhibit 22 to the First Amended Complaint in order to afford Defendant an opportunity to seek sealing of that document, if she desires.

                              Respectfully submitted,

                              Jonathan Kortmansky

cc: Counsel for Defendant (via ECF)