# LEVINE LEE LLP

### NEW YORK

650 Fifth Avenue, 13th Floor
New York, New York 10019
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Seth L. Levine**
212 257 4040 direct
slevine@levinelee.com

September 14, 2020

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    *Carbon Investment Partners, LLC, et al. v. Bressler*, No. 20-CV-03617 (ER)

Dear Judge Ramos:

Pursuant to the Court's Order (ECF No. 28), we write on behalf of Defendant Shira Bressler in response to Plaintiffs Carbon Investment Partners, LLC and Carbon Master Fund, L.P.'s (collectively, "Plaintiffs" or "Carbon") Letter Motion to Seal (ECF No. 26).  First, the Court should deny Plaintiffs' motion to seal Carbon's Operating Agreement (the "Operating Agreement")[1]—the document it relies principally upon in the First Amended Complaint ("FAC") to allege a claim of fraud against Ms. Bressler.  Second, the Court should reject Carbon's request that Exhibits 4, 6, 8, 9, 10, 14, 19, and 20 to the FAC (collectively, the "Exhibits") be sealed in their entirety; to the extent that Carbon believes any of these documents contain sensitive information, it should identify that provision and seek to have it redacted.  Lastly, Exhibit 22, which Carbon conditionally sealed to permit Defendant to move for sealing, should not only be kept under seal, but Defendant may move for it to be stricken from the FAC in its entirety because it is irrelevant to this case.

"Applications to seal documents must . . . be 'carefully and skeptically review[ed] . . .  to insure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection."  *Delta Air Lines, Inc. v. Bombardier, Inc.*, No. 1:20-cv-3025-GHW, 2020 WL 2614704, at *1 (S.D.N.Y. May 22, 2020) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).  Carbon has not come close to demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*

---

[1]    The Operating Agreement was filed as Exhibit 20 to the First Amended Complaint (ECF No. 27-8) and Exhibit 1 to the Declaration of Seth L. Levine in Support of Defendant's Motion to Dismiss (ECF No. 21-1).

(quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

***Carbon's Operating Agreement Should Be Publicly Filed.*** In *Delta Air Lines*, Judge Woods recently addressed a sealing request almost identical to Carbon's and rejected it outright. *See generally Delta Air Lines*, 2020 WL 2614704. There, Delta sued a business partner for breach of contract, and then argued that the contract that governed the dispute (which it relied upon in its complaint) should remain under seal because it could affect future negotiations and disadvantage Delta's business. *Id.* at *1. The Court applied the three-step test articulated by the Second Circuit[2] and denied Delta's motion. *See id.* at *2, 4. Indeed, the Court reproached Delta for bringing a lawsuit and then attempting to keep secret the underlying documents. *See id.* at *3 ("The Court cannot reach a decision regarding a contract's interpretation without examining the contract; Delta cannot expect the Court to decide the principle issue in its case in secret."); *id.* at *4 ("This Court is not a Star Chamber.") The Court concluded that the weight of presumption of public access to Delta's contract was "extraordinarily substantial" because "[a]ny decision that the Court makes . . . will necessarily touch on its interpretation." *Id.* at 2.

Carbon's reliance on the Operating Agreement is the same—it refers and cites to the Operating Agreement throughout the FAC, and the document is central to Carbon's fraud allegations. Yet, while publicly accusing Ms. Bressler of fraud, Carbon is simultaneously trying to shield from the public its basis for the fraud allegation. Significantly, the Operating Agreement vindicates Ms. Bressler: as Ms. Bressler demonstrated in her motion to dismiss, the Operating Agreement does not, in fact, prohibit single-signatory control (*see* ECF No. 19 at 10-11), despite Plaintiffs' unsubstantiated assertions to the contrary (*see* FAC ¶ 52). Ms. Bressler should have the right to publicly defend herself. Consequently, the weight of presumption of public access attaching to the Operating Agreement is extraordinarily substantial.

Also, as in *Delta Air Lines*, Carbon has not identified any legitimate countervailing interests to balance against this robust presumption. Carbon relies on a single affidavit from outside counsel which asserts that the Exhibits, including the Operating Agreement, contain Carbon's business secrets that implicate the privacy of Carbon's current principals. (ECF No. 26 (citing ECF No. 27 ¶ 4).) Delta provided a similar affidavit, and Judge Woods held that the single affidavit was insufficient to "override . . . the presumption of public access." *Delta*, 2020 WL 2614704, at *3. Indeed, Carbon's desire to protect its "business interests" is even less deserving of attention than in *Delta Air Lines* because Carbon no longer exists, as the affidavit acknowledges. (ECF No. 27 ¶ 7.) The "business interests" of a non-operational fund are an even less compelling rationale to shield the document from public access.

***FAC Exhibits 4, 6, 8, 9, 10, 14, 19, and 20 Should Be Redacted.*** The Court should reject Plaintiffs' motion to seal in their entirety the Exhibits, which include a number of emails and their

---

[2]    First, the Court decides whether the document is a "judicial document"; if so, the Court should then determine the "weight of the presumption of access to that document" based on the significance of the material to the Court's exercise of judicial power; finally, the Court balances the weight of the presumption of access against any countervailing factors that "legitimately counsel against disclosure." *Id.* at *2 (citing *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks omitted)). The parties agree that the Operating Agreement is a judicial document.

attachments.  As Plaintiffs acknowledge, the attachments are "Carbon's governing documents and foundational agreements" (ECF No. 27 ¶ 5), and these documents were put at issue by Plaintiffs in the FAC (*see generally* ECF No. 25).  Plaintiffs fail to make any particularized showing as to why these documents, in particular, should not be publicly filed.  *See Delta*, 2020 WL 2614704, at *3.  If, however, Plaintiffs wish to identify specific portions of the Exhibits that "legitimately counsel against disclosure," *id.* at *2 (internal quotation marks omitted), Ms. Bressler is amenable and would agree to Carbon filing redacted versions.[3]

*FAC Exhibit 22 Should Remain Under Seal.*  Carbon improperly attached as Exhibit 22 an email communication from 2016 between Ms. Bressler and her husband—well before any of the alleged improper conduct occurred at Carbon—where they discuss potential names for a charitable trust.  The email refers to private family matters having nothing to do with Carbon and is entirely irrelevant to this lawsuit.  Not only should this document remain under seal, but Ms. Bressler may move to strike it from the FAC in her forthcoming response to the FAC.

***

For the foregoing reasons, Defendant requests that:  (1) the Operating Agreement be filed publicly; (2) Exhibits 4, 6, 8, 9, 10, 14, 19, and 20 be filed publicly with redactions for sensitive information, if any; and (3) Exhibit 22 be filed under seal.

Respectfully submitted,

/s/ Seth L. Levine
Seth L. Levine
Ellen H. Sise

---

[3]     The Exhibits include private, marital communications between Mr. and Ms. Bressler that should be redacted.  Ms. Bressler is also reviewing the publicly filed Exhibits to the FAC and believes that there may be necessary redactions to the publicly filed Exhibits because they also include private, marital communications between Mr. and Ms. Bressler.  Ms. Bressler will address necessary redactions, if any, in a future application.