**BRAUNHAGEY & BORDEN** LLP

San Francisco & New York

# MEMO ENDORSED

Jonathan Kortmansky, Esq.
Partner
kortmansky@braunhagey.com

September 21, 2020

VIA ECF

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Letter Motion to Seal – *Carbon Investment Partners, LLC, et al. v. Bressler*,
No. 20-CV-03617 (ER)

Dear Judge Ramos:

We represent Plaintiffs Carbon Investment Partners, LLC and Carbon Master Fund, L.P. ("Carbon" or "the Fund") in the above-referenced matter. We write pursuant to the Court's Order (ECF No. 30) in response to Defendant Shira Bressler's application to seal Exhibit 22 of the First Amended Complaint ("FAC") (ECF No. 29).

Pursuant to the Court's Order, we have met and conferred with Defendant's counsel regarding sealing. Although Carbon believes that its Motion to Seal was meritorious, Carbon has elected to withdraw the motion to avoid unnecessary expenditure of additional resources on sealing litigation or redaction negotiations. In light of Carbon's withdrawal of the motion, Carbon does not believe that any redactions to the exhibits are necessary or appropriate. Similarly, Carbon opposes Defendant's application to permanently seal Exhibit 22.

As alleged in the Amended Complaint, Defendant and her husband Lee Bressler conspired to defraud the Fund so that they could pay back a $1.4 million personal loan Mr. Bressler had taken from his family trust to finance the Bresslers' investment in the Fund. (Am. Compl. ¶ 2.) Mr. Bressler had lost much of the $1.4 million by trading outside of the Fund's mandate and incurring substantial losses, and Defendant and her husband were concerned that the trust, on which they relied to pay for their extravagant lifestyle, would foreclose on the loan. (*Id*. ¶¶ 2, 39, 43.) Defendand and her husband therefore decided to defraud Carbon by, among other things, changing the authorization on the Fund's account to allow Mr. Bressler to secretly transfer funds out of the account without Carbon's knowledge or approval, in order to pay back the trust loan. (*Id*. ¶ 3.)

Defendant argued in her motion to dismiss the initial complaint that Carbon had failed to plausibly allege that "Ms. Bressler was even involved in (or had knowledge about) Mr. Bressler's alleged actions." (ECF No. 19 at 14.) Each of the exhibits to the FAC contradicts that claim, as they demonstrate Defendant's knowledge of all of her husband's financial and personal

September 21, 2020
Page 2

affairs.  They further demonstrate that Defendant was personally involved in reviewing and editing Carbon's operating agreements and other documents and thus was fully aware that Mr. Bressler was not permitted to amend Carbon's fund documents on his own without authorization from the Fund's manager – an action that she nonetheless assisted him in accomplishing by signing his name to a document that improperly gave him single-signature authority to wire Carbon funds from its account.

With respect to Exhibit 22, in which Defendant and her husband discuss converting their family trust into a charitable fund and renaming it, Defendant argues that it should remain under seal because it is "irrelevant to this lawsuit" and "refers to private family matters."  (ECF No. 29 at 3.)  As set forth above, Exhibit 22 is relevant to Carbon's claims against Defendant for fraud and aiding and abetting fraud in that it establishes that Defendant discussed all aspects of Mr. Bressler's professional and personal life with him, and undermines Defendant's contention advanced in her motion to dismiss that she was unaware of Mr. Bressler's fraud on Carbon.  In specific, Exhibit 22 establishes that Ms. Bressler "discussed all aspects of Mr. Bressler's professional and personal financial life with him," that she "was not merely a passive participant in the Bressler finances," and that she "was accordingly aware of the $1.4 million loan from Northern Trust and the possibility of foreclosure of the security interest upon the family trust—as well as the substantial and significant impact that such a foreclosure would have on their family, especially the education of their children." (ECF No. 25 ¶¶ 47-49.)  To the extent that irrelevance is grounds for sealing a judicial document, Defendant's application fails on this ground.

Defendant's further argument that Exhibit 22 should be sealed because it "refers to private family matters" likewise fails.  In weighing the privacy interests of a party resisting disclosure of a judicial document, courts give greater weight to communications that concern "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters." *U.S. v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995).  In Exhibit 22, the Bresslers discuss changing a family trust to a charitable trust and renaming it; no financial details are included.  Such a communication does not fall within the category of "family affairs" that are entitled to protection.  *Cf. S.E.C. v. Ahmed*, 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) (allowing sealing of portions of deposition transcript containing information regarding the defendants' minor children, financial information related to defendants' family and friends, and personal contact information); *U.S. v. Sattar*, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (allowing redaction of "highly personal details of defendant Stewart's history and family life").  Defendant's application fails on this ground as well, and Exhibit 22 should not be sealed.

Finally, with respect to the remainder of the exhibits initially filed under seal, Defendant has suggested that they should be redacted because they "include private, marital communications" between Defendant and Mr. Bressler.  (ECF No. 29 at 3 n.3.)  In the exhibits at issue, Mr. Bressler forwards work communications and drafts of Carbon documents to Defendant.  The claimed "private, marital communications" are emails in which Mr. Bressler asks Defendant to comment on draft Carbon documents or states that he has not yet reviewed them (Exhibits 4, 6, and 8), or simply forwards the documents to Defendant without comment of any kind (Exhibits 9, 10, 14, and 19).

While Carbon strongly believes that there is no justification for redacting these exhibits, Carbon has no objection to these exhibits remaining conditionally under seal to allow Defendant to make an application to permanently seal them, if she believes such sealing is justified.

For the foregoing reasons, Carbon withdraws its Motion to Seal, and requests that the Court deny Defendant's application to permanently seal Exhibit 22. Carbon does not object to

September 21, 2020
Page 3

Exhibits 4, 6, 8, 9, 10, 14, and 19 remaining conditionally under seal to afford Defendant an opportunity to promptly seek sealing of those exhibits, if she desires.

Respectfully submitted,

Jonathan Kortmansky

Cc: All counsel of record (via ECF)

> The Court respectfully directs the Clerk of Court to unseal Exhibits 4, 6, 8, 9, 10, 14, 19, 20, and 22 of Plaintiffs' First Amended Complaint. Doc. 27. The Clerk of Court is also respectfully directed to unseal Exhibit 1 of the Declaration of Seth L. Levine in Support of Defendant's Motion to Dismiss. Doc. 21. The Clerk of Court is respectfully directed to terminate this motion. Doc. 26.
>
> So ordered.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 9/22/2020
> New York, New York